## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JHOVANI DUVAN LEIVA-CORNEJO,

      Petitioner,

v.                                                                Case No. 1:26-cv-00950-MLG-SCY

WARDEN, Torrance County Detention Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement, TODD LYONS, Acting Director,
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, U.S. Department
Of Homeland Security, PAMELA BONDI,
U.S. Attorney General,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS IMMEDIATELY RELEASE PETITIONER

Pro se Petitioner Jhovani Duvan Leiva-Cornejo—a citizen of El Salvador—is detained at the Torrance County Detention Center in New Mexico. Doc. 1 at 1. Leiva-Cornejo states, and Respondents do not challenge, that he has no criminal record; has filed for asylum due to having received death threats and faced other violence; and at one point sustained a serious injury after breaking his jaw. *Id.* at 12.

Through Next Friend Neidy Leiva Cornejo, Leiva-Cornejo seeks a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") directing federal immigration authorities to provide an adequate bond hearing or release him from custody. *Id.* at 1, 7, 12. Specifically, he contends that his rights under the Fifth Amendment to the United States Constitution have been violated and that he would like the "Court to continue reviewing whether the length of detention becomes

1

unreasonable over time." *Id.* at 6. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to Leiva-Cornejo's Petition within ten business days. Doc. 4 at 2.

In its response, Respondents assert that Petitioner's detention accords with § 1225(b)(2)(A) and is mandatory. Doc. 6 at 2. They admit, however, that this Court's prior decisions reflecting that § 1226(a) governs the detention of noncitizens like Leiva-Cornejo[1] are controlling and that "the facts are not materially distinguishable for purposes of the Court's decision on the legal issues of which statutory provision authorizes Petitioner's detention." *Id*. at 2. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) for the proposition that § 1225(b)(2)(A) controls. *Id.* This is not binding authority. Moreover, the majority of circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Petitioner rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---- , 2026 WL 1223250, at * 10-11 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026).

---

[1] *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). These decisions comport with those from the "vast majority" of courts confronted with this issue. *See, e.g.*, *Bethancourt Soto v. Soto*, 807 F.Supp.3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F.Supp.3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

The Court therefore concludes with the majority of circuit and district courts that § 1226(a) governs Petitioner's detention.

Given that § 1226(a) is controlling, Petitioner is entitled—as a right—to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F.Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at * 4-5. Leiva-Cornejo's continued detention without such review constitutes an ongoing violation of his right to due process.[2] *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298. The remedy justice requires in this matter is immediate release.[3] *See Hernandez,* 2026 WL 324020, at * 9. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at * 9; *see also* § 1226(a). Immediate release will address the lack of due process afforded to Leiva-Cornejo and restore him to the status quo prior to the violation of his Fifth

---

[2] The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.

[3] In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").

Amendment rights. *See Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Leiva-Cornejo's Petition. Respondents shall release him within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents along with a copy of this Order. If Respondents decide to re-detain Leiva-Cornejo, they must provide him a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing his detention under 8 U.S.C. § 1225(b)(2)(A). Respondents shall file a status report within three days of this Order to certify compliance.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

4